IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JASON LEE WRIGHT,

                Plaintiff,

    v.

KARA RHINEGANS, JENNIFER SUKOW,
KATHY LAATSCH, NICKY DOBBS,
NATALIE DOE, ANNA SHERMAN
and DAVID WITTHUHN,

                Defendants.

OPINION AND ORDER

18-cv-268-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jason Lee Wright is incarcerated at Fox Lake Correctional Institution. He filed this proposed civil action under 42 U.S.C. § 1983 against several of his former probation agents and their supervisors. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. After reviewing plaintiff's complaint, I conclude that his claims must be dismissed without prejudice because they are either barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994), or they are state law claims over which this court has no jurisdiction.

OPINION

      Plaintiff alleges in his complaint that defendants were probation officers who supervised him and on several occasions between 2013 and 2017, extended the duration of his supervised release for his failure to pay supervision fees even though he was indigent.

1

Plaintiff also alleges that on more than one occasion, defendant Jennifer Sukow told him to pay his supervision fees to her directly, but when he did, she kept the money for herself. Plaintiff's supervised release was later revoked and he is now incarcerated at Fox Lake Correctional Institution. Plaintiff does not provide any information about the reason for the revocation.

Plaintiff contends that his allegations are sufficient to state claims for damages against defendants for violation of his rights under the Eighth and Fourteenth Amendments. He is mistaken, for two reasons.

First, any claim under 42 U.S.C. § 1983 challenging the extension of plaintiff's supervised release is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). Heck prohibits a plaintiff from bringing claims for damages if judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." Id. Under Heck, a plaintiff cannot bring any claim for damages under § 1983 challenging a criminal conviction, revocation of probation or the duration of his confinement or supervised release unless the plaintiff has prevailed in a habeas corpus proceeding challenging the conviction or duration of his confinement or supervised release. Id.; Spencer v. Kemna, 523 U.S. 1, 17 (1998) (application of Heck to parole revocation hearing); Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003) (application of Heck to "fact or duration" of parole). The rule in Heck applies even if it is too late for plaintiff to seek collateral relief through a state habeas petition challenging the extensions of his supervised release, so long as plaintiff could have sought collateral relief earlier but failed to do so in a timely manner. Burd v. Sessler, 702 F.3d 429, 436 (7th Cir. 2012).

In this instance, plaintiff has neither established the invalidity of the extensions to his

supervised release by showing that he prevailed in a habeas corpus proceeding nor shown that he was unable to challenge the extensions in state court after they occurred, between 2013 and 2017. Accordingly, plaintiff cannot bring a challenge to the extensions of his supervised release under § 1983.

This court cannot convert plaintiff's action into one for habeas corpus on its own motion. The Court of Appeals for the Seventh Circuit has held that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus. Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing Heck, 512 U.S. 477). Therefore, plaintiff's claims will be dismissed without prejudice. Plaintiff may raise his claims in a petition for a writ of habeas corpus but he should be aware that such a petition would have to be dismissed immediately unless he can show that he has presented his claims to the Wisconsin courts and has been denied relief at the trial and appellate levels, 28 U.S.C. § 2254(b)(1)(A), or that there is no state corrective process available to him, § 2254(b)(1)(B).

Plaintiff's claims against defendant Sukow in particular must be dismissed for another reason. Plaintiff alleges that Sukow violated plaintiff's due process rights by taking his money for herself, rather than using it to pay his supervised release fees. However, plaintiff's allegations do not suggest that Sukow acted pursuant to an unconstitutional policy or procedure. Instead, his allegations suggest that Sukow stole his money through a "random and unauthorized" act. When an official's conduct is random and unauthorized, due process requires only that an adequate post-deprivation remedy exists. Zinermon v. Burch, 494 U.S. 113, 128–30 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Leavell v. Illinois Dept. of Natural Resources, 600

3

F.3d 798, 805 (7th Cir. 2010).

By statute, Wisconsin affords procedures that can address random, unauthorized deprivations of property by government officers and officials. It provides tort remedies for those whose property has been converted or damaged by another. Wis. Stat. §§ 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention), 893.51 (action for damages resulting from wrongful taking, conversion, or wrongful detention of personal property), 893.52 (action for damages from injury to property). Because plaintiff does not suggest that Sukow's theft of his money resulted from an established procedure or that Wisconsin's post-deprivation remedies are inadequate to redress his loss, he has failed to state a due process claim.

ORDER

IT IS ORDERED that plaintiff Jason Lee Wright's claims challenging the duration of his supervised release are DISMISSED WITHOUT PREJUDICE under Heck v. Humphrey, 512 U.S. 477, 487 (1994), and his remaining claims are DISMISSED for failure to state a claim upon which relief may be granted.

Entered this 31st day of May, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge